J-S33012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| IRA L. FISHER, III, | |
| Appellant | No. 1747 MDA 2016 |

Appeal from the Judgment of Sentence Entered October 28, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001672-2014

BEFORE:  BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED NOVEMBER 07, 2017**

Appellant, Ira L. Fisher, III, appeals *nunc pro tunc* from the judgment of sentence imposed on October 28, 2015, after a jury convicted him of aggravated indecent assault, statutory sexual assault, indecent assault, and corruption of minors.  Appellant solely challenges the legality of two mandatory minimum sentences imposed in his case pursuant to 42 Pa.C.S. § 9718.2.  After careful review, we affirm.

A detailed recitation of the facts of Appellant's case is not necessary to our disposition of his appeal.  We only note that Appellant was convicted of the above-stated charges based on "an anal rape that he perpetrated upon a

_____

[*] Retired Senior Judge assigned to the Superior Court.

fourteen-year-old girl who was in his care." Trial Court Opinion (TCO), 12/23/16, at 2. As the trial court explains,

> [t]wo of [Appellant's] offenses – aggravated indecent assault and statutory sexual assault – are listed as Tier III sexual offenses under 42 Pa.C.S.[] § 9799.14. They are also included within the ambit of 42 Pa.C.S.[] § 9718.2, which governs mandatory sentences applicable to offenders who had previously been convicted of a Tier III sexual offense. *See* 42 Pa.C.S.[] § 9718.2([a])(1).[1]
>
> On [October 28,] 2015, [Appellant] appeared before [the trial] [c]ourt for sentencing. Given the mandatory sentence

_____

[1] Section 9718.2(a)(1) states:

**(a) Mandatory sentence.--**

(1) Any person who is convicted in any court of this Commonwealth of an offense set forth in section 9799.14 (relating to sexual offenses and tier system) shall, if at the time of the commission of the current offense the person had previously been convicted of an offense set forth in section 9799.14 or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction, be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon such conviction, the court shall give the person oral and written notice of the penalties under paragraph (2) for a third conviction. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

42 Pa.C.S. § 9718.2(a)(1). Here, Appellant had been previously convicted, in 1996, of aggravated indecent assault and statutory sexual assault, both of which are Tier III offenses under 42 Pa.C.S. § 9799.14. *See* Sentencing Order, 11/2/15, at 1; 42 Pa.C.S. § 9799.14(d)(3), (d)(7).

required by 42 Pa.C.S.[] § 9718.2, [the court] imposed a sentence of 25 to 50 years[' incarceration] on Counts I and [I]II. In addition, [the court] also imposed sentences on Counts IV and V of 16 months['] to 5 years[' incarceration].[2] No appeal was immediately filed by [Appellant].

TCO at 2.

Appellant subsequently filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, seeking the restoration of his direct appeal rights. The court granted that petition, and Appellant filed the present notice of appeal *nunc pro tunc*. He timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement. Herein, Appellant raises the following single issue for our review:

> A. Did the trial court err in sentencing Appellant when they sentenced him to a mandatory minimum sentence of twenty-five (25) to fifty (50) years for counts I and III of the criminal information when they were not legally permitted to do so?

Appellant's Brief at 6.

Appellant contends that his mandatory minimum sentences, imposed pursuant to 42 Pa.C.S. § 9718.2, are illegal under ***Alleyne v. United States***, 133 S.Ct. 2151, 2163 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt). We disagree. The application of mandatory sentences under section 9718.2 was triggered by Appellant's prior

---

[2] Appellant's sentences at counts I and III were imposed to run concurrently, while his sentences at counts IV and V were imposed to run consecutively. Thus, his aggregate sentence is 27 years' and 8 months' to 60 years' incarceration.

convictions for offenses set forth in section 9799.14. **See** 42 Pa.C.S. § 9718.2(a)(1).

> Prior convictions are the remaining exception to **Apprendi v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and **Alleyne**..., insofar as a factfinder is not required to determine disputed convictions beyond a reasonable doubt to comport with the Sixth Amendment jury trial right. **See Almendarez–Torres v. United States**, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

**Commonwealth v. Hale**, 85 A.3d 570, 585 n.13 (Pa. Super. 2014). Thus, because Appellant's mandatory minimum sentences under section 9718.2 are premised on his prior convictions, **Alleyne** does not render those sentences unconstitutional. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2017